UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE AYO H. AKATUGBA,

Debtor.

Case No. 23-cv-02356-JST

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

Re: ECF No. 3

Before the Court is Appellant Andrew J. Christensen's motion for stay pending appeal. ECF No. 3. The Court will deny the motion.

Christensen, attorney for Debtor Ayo H. Akatugba, seeks to stay enforcement of the bankruptcy court's April 19, 2023 order referring Christensen to the Standing Committee on Professional Conduct. In its referral order, the bankruptcy court identifies two sources of unprofessional conduct: a written brief in which Christensen "flagrantly miscited authority and displayed a lack of candor" and a subsequent hearing at which Christensen did not evince an understanding of the importance of this lack of candor. ECF No. 1-2 at 5-6. The bankruptcy court observed that "[c]ounsel's violation of the duty to conduct oneself in a professional manner, and to observe scrupulously their duty of candor to the [c]ourt, significantly undermine the fairness and integrity of this process." *Id.* at 8.

On May 16, 2023, Christensen filed a notice of appeal. Christensen moved the bankruptcy court for a stay pending appeal, which the bankruptcy court denied. Christiansen now seeks such a stay from this Court.

"Where the bankruptcy court has denied a motion for a stay pending appeal, the district court may grant a stay only if it determines that the bankruptcy court's denial was an abuse of

discretion." *Gens v. Kaelin*, No. 17-cv-03601-BLF, 2017 WL 3033679, at *2 (N.D. Cal. July 18, 2017). "The abuse of discretion standard on review of the bankruptcy court's order denying a stay encompasses a de novo review of the law and a clearly erroneous review of the facts with respect to the underlying issues." *DBD Credit Funding LLC v. Silicon Lab'ys, Inc.*, No. 16-cv-05111-LHK, 2016 WL 6893882, at *5 (N.D. Cal. Nov. 23, 2016) (quoting *In re North Plaza, LLC*, 395 B.R. 113, 118 (S.D. Cal. 2008)).

In deciding whether to issue a stay pending a bankruptcy appeal, "a court must consider four factors: 'whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Gens*, 2017 WL 3033679, at *2 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). For the first factor, the moving party must show, at a minimum, "that there is a 'substantial case for relief on the merits.'" *DBD*, 2016 WL 6893882, at *7 (quoting *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012)).

Christensen argues that the referral order amounts to a sanction which was improperly issued without due process. However, the Court is not persuaded that any part of the referral order constitutes a sanction, such that this Court can exercise jurisdiction over Christensen's appeal.

Pursuant to Civil Local Rule 11-6, made applicable to the bankruptcy court by Bankruptcy Local Rule 1001-2, when "a Judge has cause to believe that an attorney . . . has engaged in unprofessional conduct, the Judge may, in addition to any action authorized by applicable law . . . [r]efer the matter to the Court's Standing Committee on Professional Conduct." Civ. L.R. 11-6(a)(1). Upon referral, the Standing Committee will investigate the conduct and prepare a report summarizing its findings and recommendation. Civ. L.R. 11-6(e)(3). If a majority of Committee members determine that the conduct warrants formal discipline and the attorney does not consent, the Standing Committee will institute a formal disciplinary proceeding, which is randomly assigned to a district judge, who must issue an order to show cause why the attorney should not be disciplined. Civ. L.R. 11-6(e)(4)-(5). A referral under Local Rule 11-6 therefore outsources the investigation and prosecution of attorney conduct a judge believes may be unprofessional to an

independent body. *See Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430, 1436 (9th Cir. 1995) (explaining that a similar committee in another district "assists the . . . court in maintaining attorney discipline by relieving judges of the awkward responsibility of serving as both prosecutors and arbiters").

The Ninth Circuit has not established whether a referral to a disciplinary body, without more, can constitute an appealable sanction. Several other circuits have agreed that, unless accompanied by specific findings of attorney misconduct, a referral does not constitute such a sanction. *See, e.g.*, *Zente v. Credit Mgmt., L.P.*, 789 F.3d 601, 605-06 (5th Cir. 2015) ("[A] referral of attorney conduct to a disciplinary committee, absent a specific finding of misconduct, is not a sanction that confers standing to appeal."); *Teaford v. Ford Motor Co.*, 338 F.3d 1179, 1181 (10th Cir. 2003) ("[T]he mere referral of a matter to the disciplinary committee, without any finding of misconduct, is not appealable. . . . [E]ven the broadest understanding of what constitutes an appealable sanction requires a finding of misconduct."). In the absence of binding authority to the contrary, the Court is not persuaded that the bankruptcy court's referral of potential attorney misconduct for investigation and resolution by an independent body amounts to a sanction. *See Baker Grp., L.C. v. Burlington N. & Santa Fe Ry. Co.*, 451 F.3d 484, 491 (8th Cir. 2006) (rejecting argument that referral without notice and opportunity to be heard violated due process because "[a] judge's referral of possible ethical violations to an attorney discipline authority 'is analogous not to a censure or reprimand but to an order to show cause why sanctions should not be imposed,' following which the attorney will receive all process due" (quoting *Teaford*, 338 F.3d at 1181)).

Regardless of whether accompanied by such a referral, a judicial finding that an attorney violated a specific ethical rule constitutes an appealable sanction. *United States v. Talao*, 222 F.3d 1133, 1138 (9th Cir. 2000). In *Talao*, the Ninth Circuit explained that a court's order expressly finding that an attorney had violated former Rule 2-100 of the California Rules of Professional Conduct constituted a *per se* sanction—and was therefore appealable—because "the district court made a finding and reached a legal conclusion that [the attorney] knowingly and willfully violated a *specific* rule of ethical conduct." *Id.* (emphasis added). Absent such a finding, "words alone

3

1 will constitute a sanction only 'if they are expressly identified as a reprimand.'" *Weissman v.*
2 *Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999).

3 The bankruptcy court did not find or conclude that Christensen violated specific ethical rules in its referral order. The bankruptcy court did not expressly invoke any specific ethical rules in its referral order or find that any such rules were violated. Rather, the referral order describes the basis for the bankruptcy court's belief that Christensen engaged in conduct justifying referral to the Standing Committee. *See* ECF No. 1-2 at 8-9 ("This [c]ourt believes that the incidents detailed in this [o]rder of [r]eferral demonstrate why the proposed referral is appropriate."). Where a court's criticism of an attorney's conduct is not a finding that a specific ethical rule was violated, is not expressly identified as a reprimand, and explains the basis for a court's order, such criticism generally does not constitute an appealable sanction. *See Weissman*, 179 F.3d at 1196, 1200 (holding that court's comments that attorney's objections were "groundless, contrived[,] and misplaced" and that attorney displayed a "serious lack of professionalism and good judgment" were not sanctions because "the court did not identify the allegedly derogatory comments in the [o]rder as a reprimand," but "[r]ather, the comments served to explain why the court concluded that it was necessary" to impose other sanctions); *In re Williams*, 156 F.3d 86, 90 (1st Cir. 1998) (holding that court's findings that attorneys' conduct was "obstructionist and unjustified" and their testimony was "pure baloney" were not sanctions because, "[r]ead in context, the[y] . . . served to justify the imposition of monetary sanctions"). Read in the context of the referral order, the bankruptcy court's comments concerning Christensen's conduct serve to explain the basis for the referral order, and do not amount to a reprimand. Accordingly, the bankruptcy court's comments cannot provide a basis for appeal.

The Court is not persuaded that either the referral or the bankruptcy court's comments constitutes an appealable sanction. Because the Court likely lacks jurisdiction over Christensen's appeal, the Court finds that Christensen fails to show a substantial case for relief on the merits, as required for the Court to grant a stay pending appeal.

/ / /

/ / /

4

Where a party fails to "establish[] serious questions going to the merits . . ., [courts] need not consider the remaining factors for" injunctive relief. *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1181 (9th Cir. 2021). Accordingly, Christensen's motion for stay pending appeal is denied.

**IT IS SO ORDERED.**

Dated: December 8, 2023



JON S. TIGAR
United States District Judge