UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AYO H. AKATUGBA,<br><br>Debtor. | Case No. 23-cv-02356-JST<br><br>**ORDER DISMISSING APPEAL OF BANKRUPTCY COURT'S ORDER OF REFERRAL TO STANDING COMMITTEE PURSUANT TO CIVIL LOCAL RULE 11–6**<br><br>Re: ECF No. 7 |

Andrew J. Christensen appeals the bankruptcy court's order of referral to the Standing Committee of Professional Conduct pursuant to Civil Local Rule 11–6. Because the Court finds that it lacks jurisdiction, it will dismiss the appeal.

On May 16, 2023, Christensen, attorney for Debtor Ayo H. Akatugba, filed a notice of appeal of the bankruptcy court's April 19, 2023 order referring him to the Standing Committee on Professional Conduct.[1] ECF No. 1. The bankruptcy court's referral order identified two sources of unprofessional conduct: a written brief in which Christensen "flagrantly miscited authority and displayed a lack of candor" and a subsequent hearing at which Christensen did not evince an understanding of the importance of this lack of candor. ECF No. 1-2 at 5–6. The bankruptcy court further observed that Christensen's "violation of the duty to conduct [himself] in a professional manner, and to observe scrupulously [his] duty of candor to the [bankruptcy court], significantly undermine the fairness and integrity of this process." *Id*. at 8.

Pursuant to 28 U.S.C. § 158(a)(1), district courts have jurisdiction over appeals from "final judgments, orders, and decrees" entered by bankruptcy courts. *See Wei Suen v. Demas Wai Yan*

---

[1] On June 6, 2023, Christen filed a motion for stay pending appeal, which this Court subsequently denied on December 8, 2023. ECF No. 9.

(*In re Demas Wai Yan*), 381 B.R. 747, 752 (N.D. Cal. 2007).  A district court reviews the bankruptcy court's conclusions of law de novo and its findings of fact for clear error.  *Preblich v. Battley*, 181 F.3d 1048, 1051 (9th Cir. 1999).  "Findings of fact are clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been committed." *In re Parker*, 644 B.R. 805 (N.D. Cal. 2021), *appeal dismissed*, No. 21-15747, 2021 WL 5099605 (9th Cir. Aug. 26, 2021), *and aff'd*, No. 21-15746, 2022 WL 15523089 (9th Cir. Oct. 27, 2022) (internal quotations and citations omitted).

The Court begins with whether it has jurisdiction to hear this appeal.  Christensen argues that the referral order amounts to a sanction which was improperly issued without due process.  *See generally* ECF No. 7.  He notes specifically that the bankruptcy court's order stated that his conduct included "flagrant mis-cites," lacked candor, and included "unsupported and hyperbolic factual statements."  *Id.* at 12 (quoting ECF No. 1-2 at 6–7).

As the Court noted in its prior order denying Christensen's motion for stay pending appeal:

> Pursuant to Civil Local Rule 11–6, made applicable to the bankruptcy court by Bankruptcy Local Rule 1001–2, when "a Judge has cause to believe that an attorney . . . has engaged in unprofessional conduct, the Judge may, in addition to any action authorized by applicable law . . . [r]efer the matter to the Court's Standing Committee on Professional Conduct." Civ. L.R. 11–6(a)(1). Upon referral, the Standing Committee will investigate the conduct and prepare a report summarizing its findings and recommendation. Civ. L.R. 11–6(e)(3). If a majority of Committee members determine that the conduct warrants formal discipline and the attorney does not consent, the Standing Committee will institute a formal disciplinary proceeding, which is randomly assigned to a district judge, who must issue an order to show cause why the attorney should not be disciplined.  Civ. L.R. 11–6(e)(4)-(5).  A referral under Local Rule 11–6 therefore outsources the investigation and prosecution of attorney conduct a judge believes may be unprofessional to an independent body.  *See Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430, 1436 (9th Cir. 1995) (explaining that a similar committee in another district "assists the . . . court in maintaining attorney discipline by relieving judges of the awkward responsibility of serving as both prosecutors and arbiters").

ECF No. 9 at 2.

The Ninth Circuit, unlike some of its sister circuits, has not established whether a referral to a disciplinary body, without more, constitutes an appealable sanction.  *See, e.g.*, *Zente v. Credit Mgmt., L.P.*, 789 F.3d 601, 605–06 (5th Cir. 2015) ("[A] referral of attorney conduct to a

2

disciplinary committee, absent a specific finding of misconduct, is not a sanction that confers standing to appeal."); *Teaford v. Ford Motor Co.*, 338 F.3d 1179, 1182 (10th Cir. 2003) ("[T]he mere referral of a matter to the disciplinary committee, without any finding of misconduct, is not appealable . . . . [E]ven the broadest understanding of what constitutes an appealable sanction requires a finding of misconduct."). It has, however, made clear that a judicial finding that an attorney violated a specific ethical rule is an appealable sanction. *United States v. Talao*, 222 F.3d 1133, 1138 (9th Cir. 2000) (holding that where a court finds that a party "violated a specific rule of ethical conduct[,] [s]uch a finding, *per se*, constitutes a sanction."). Absent an explicit finding that a rule was violated, however, "words alone will constitute a sanction only 'if they are expressly identified as a reprimand.'" *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (quoting *In re Williams*, 156 F.3d 86, 92 (1st Cir. 1998)). As the *Weissman* court explained, "adopting a rule that harsh judicial words constitute de facto sanctions . . . would be tantamount to declaring open season on trial judges" and "the threat of appellate review of every comment by a trial judge would have a chilling effect on judicial candor." *Weissman*, 179 F.3d at 1199–1200 (internal quotations and citations omitted).

Turning to the appeal at hand, the Court finds that the bankruptcy court neither concluded that Christensen violated any specific ethical rule in its referral order, nor expressly invoked any specific ethical rule in outlining its reasoning. Rather, the referral order "served to explain" the bankruptcy court's conclusion that Christensen's conduct merited referral to the Standing Committee. *Weissman*, 179 F.3d at 1200; *see* ECF No. 1-2 at 8–9 ("This [c]ourt believes that the incidents detailed in this [o]rder of [r]eferral demonstrate why the proposed referral is appropriate."). Indeed, the bankruptcy court was careful to note that "[i]n referring this matter to the Committee, rather than imposing a one-time monetary sanction, or even more draconian sanctions, [it] is mindful first that referral to the Committee is arguably a less severe disciplinary outcome than some of the options available to the Court." ECF No. 1-2 at 8.

Christensen's argument in opposition is unavailing. He attempts to liken this action to *Talao*, 222 F.3d at 1138, where "the district court made a finding and reached a legal conclusion that [the attorney] knowingly and wilfully [*sic*] violated a specific rule of ethical conduct." *See*

3

ECF No. 7 at 14–15.  True, the bankruptcy court's referral order noted that Christensen violated "the duty of candor."  ECF No. 1-2 at 7.  But this language is more akin to "mere judicial criticism," as opposed to an explicit reprimand or finding that Christensen violated a specific ethical rule.  *Talao*, 222 F.3d at 1137.  Without more, that is not enough to constitute an appealable sanction.

The Court is not persuaded that either the referral order or the bankruptcy court's comments contained within it constitute an appealable sanction.  The Court therefore lacks jurisdiction over Christensen's appeal, and accordingly dismisses it.

**IT IS SO ORDERED.**

Dated:  December 20, 2023



_____
JON S. TIGAR
United States District Judge

4